IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ZABRZESKI and KAREN ZABRZESKI, | ) ) ) | Civil Action No. 3:22-cv-186 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **FILED** |
| LORETTO BOROUGH, DAVID J. ECKENRODE, in his individual and official capacity, WARD PROSTEJOVSKY, in his individual and official capacity, WILLIAM DURYEA, in his individual and official capacity, ZACHARY FARABAUGH, in his official and individual capacity, and DIANE ROMBOUTS, in her individual and official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | 10/19/2022 CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA JURY TRIAL DEMANDED |
| Defendants. | ) ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiffs, MICHAEL ZABRZESKI and KAREN ZABRZESKI, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the First Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4.  Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.  Plaintiff, Michael Zabrzeski, is an adult individual who resides in Cambria County, Pennsylvania. Plaintiff Michael Zabrzeski is the husband of Plaintiff Karen Zabrzeski.

6.  Plaintiff, Karen Zabrzeski, is an adult individual who resides in Cambria County, Pennsylvania. Plaintiff Karen Zabrzeski is the wife of Plaintiff Michael Zabrzeski.

7.  Defendant, Loretto Borough ("Borough"), is now, and was at all times relevant to this Complaint, a municipal corporation existing by laws of the Commonwealth of Pennsylvania, with offices located at 187 Saint Mary Street, Loretto, Pennsylvania 15940.

8.  Defendant, David J. Eckenrode ("Eckenrode"), is an adult individual who resides in Cambria County, Pennsylvania. At all times relevant to this Complaint, Defendant Eckenrode was the mayor of Defendant Borough and/or the sewage enforcement officer of Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

9.  Defendant, Ward Prostejovsky ("Prostejovsky"), is an adult individual who resides in Cambria County, Pennsylvania. At all times relevant to this Complaint, Defendant Prostejovsky was a duly elected council member of Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

10. Defendant, Zachary Farabaugh ("Farabaugh"), is an adult individual who resides in Cambria County, Pennsylvania. At all times relevant to this Complaint, Defendant Farabaugh

was a duly elected council member of Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

11. Defendant, William Duryea ("Duryea"), is an adult individual who resides in Cambria County, Pennsylvania. At all times relevant to this Complaint, Defendant Duryea was a duly elected council member of Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

12. Defendant, Diane Rombouts ("Rombouts"), is an adult individual who resides in Cambria County, Pennsylvania. At all times relevant to this Complaint, Defendant Rombouts was a duly elected council member of Defendant Borough, purporting to act within the full scope of her authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

## FACTUAL ALLEGATIONS

13. Defendant Eckenrode is the brother-in-law of Plaintiff Michael Zabrzeski.

14. Plaintiffs are residents of Defendant Borough.

15. Plaintiff Michael Zabrzeski was a member of Defendant Borough's council from 2009 until 2021.

16. Plaintiffs are politically opposed to Defendant Eckenrode as mayor of Defendant Borough.

17. Defendants Prostejovsky, Farabaugh, Duryea, and Rombouts politically support Defendant Eckenrode as mayor of Defendant Borough.

18. Plaintiff Michael Zabrzeski, in his capacity as a council member of Defendant Borough, has had several political disagreements with Defendant Eckenrode, in his capacity as mayor of Defendant Borough, throughout the years.

19. Beginning in 2020, at various council meetings, Defendant Eckenrode, Prostejovsky, Farabaugh, Duryea, and/or Rombouts communicated to the Plaintiffs that the Plaintiffs and the owners of the property next to the Plaintiffs' property were responsible for the cost of replacing the main sewage lateral line that runs from their respective properties to Saint Mary Street in Defendant Borough.

20. At various council meetings, Defendant Eckenrode, Prostejovsky, Farabaugh, Duryea, and/or Rombouts demanded that the Plaintiffs tender funds to an escrow account for the aforementioned costs.

21. Plaintiffs refused to put money into an escrow account for the aforementioned costs.

22. Plaintiffs believe, and therefore aver, that the aforementioned sewage line is a public line, as it connects to two (2) residences, and that Defendant Borough is responsible for the costs of that replacement.

23. Notably, in or about 2004, Defendant Borough replaced the public water lines to the aforementioned properties, at no cost to their owners.

24. Plaintiffs further believe, and therefore aver, that similarly situated property owners within Defendant Borough have not been responsible for the costs relating to public sewage lines.

25. Plaintiffs communicated to Defendant Borough and Defendant Eckenrode on several occasions that the aforementioned sewage line is a public line and that the Plaintiffs should not be responsible for the costs.

26. In or about August 2021, Plaintiff Michael Zabrzeski announced his candidacy for mayor of Defendant Borough against Defendant Eckenrode.

27. Plaintiff Karen Zabrzeski politically supported Plaintiff Michael Zabrzeski's candidacy for mayor.

28. In or about August of 2021, Plaintiffs entered into a contract with Davis Excavating to upgrade the sewage line in accordance with instructions from Defendant Eckenrode, as more fully described at Paragraph 14 hereinbefore above.

29. On or about September 9, 2021, Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, ordered a law enforcement officer to go to the Plaintiffs' property and shut off the Plaintiffs' water services.

30. At that time, Plaintiff Karen Zabrzeski told the law enforcement officer that they were under contract to replace the sewage line and that the work would begin the following week.

31. In response, the law enforcement officer placed a call to Defendant Eckenrode. Defendant Eckenrode instructed the officer to demand a check from Plaintiff Karen Zabrzeski for $5,000.00 to put into escrow and to shut the water off if Plaintiff Karen Zabrzeski did not comply with that demand.

32. Plaintiff Karen Zabrzeski refused to tender a $5,000.00 check to the law enforcement officer and the Plaintiffs' water services were shut off.

33. A twenty-four (24) hour notice for water shut-off is mandated by Defendant Borough's ordinances.  However, no such twenty-four (24) hour shut-off notice was provided to the Plaintiffs by Defendant Borough and/or Defendant Eckenrode.

34. At the time of the water shut-off, Plaintiff Karen Zabrzeski was suffering from metastatic breast cancer.

35.     Defendant Eckenrode had actual knowledge of Plaintiff Karen Zabrzeski's cancer diagnosis.

36.     Plaintiffs' water remained shut off for six (6) days.

37.     As a direct and proximate result of the actions of the Defendants and the lack of water on the Plaintiffs' property, Plaintiffs were forced to carry buckets of water from their neighbors' property to their property for six (6) days.

38.     As a direct and proximate result of the actions of the Defendants and the lack of water on the Plaintiffs' property, Plaintiffs suffered extreme emotional distress.

39.     Plaintiffs believe, and therefore aver, that the water to their property was shut off in retaliation for Plaintiff Michael Zabrzeski's candidacy against Defendant Eckenrode, for Plaintiff Karen Zabrzeski's political support of her husband's candidacy, and/or Plaintiff Karen Zabrzeski's familial association with her husband.

40.     In November, 2021, Plaintiff Michael Zabrzeski lost the election for mayor, but was elected as a constable for Defendant Borough.

41.     On or about December 13, 2021, Plaintiff Michael Zabrzeski was censured at his last borough meeting as a council member by Defendants Prostejovsky, Farabaugh, Duryea, and Rombouts, in their capacities as council members of Defendant Borough, and Defendant Eckenrode, in his capacity as mayor.

42.     The stated reasons for the aforementioned censure were nonspecific, overly broad, and false.

43.     Plaintiffs believe, and therefore aver, that Plaintiff Michael Zabrzeski was censured by Defendants Prostejovsky, Farabaugh, Duryea, and Rombouts, in their capacities as council

members of Defendant Borough, and Defendant Eckenrode, in his capacity as mayor, in retaliation for Plaintiff Michael Zabrzeski's campaign against Defendant Eckenrode for mayor.

44. Plaintiffs further believe, and therefore aver, that Plaintiff Michael Zabrzeski was censured by Defendants Prostejovsky, Farabaugh, Duryea, and Rombouts, in their capacities as council members of Defendant Borough, and Defendant Eckenrode, in his capacity as mayor, in anticipation of a new ordinance which targets Plaintiff Michael Zabrzeski, as more fully described hereafter below.

45. In or about January, 2022, Plaintiff Michael Zabrzeski was sworn in as constable for Defendant Borough.

46. On or about March 14, 2022, Defendant Borough passed Ordinance No. 2022-2, which regulates constables and sets specific requirements for certifications and liability insurance for constables.

47. Plaintiff believes, and therefore avers, that specific language contained in that ordinance was designed to impede Plaintiff Zabrzeski in his duties as constable and/or to publicly harass and embarrass him. That specific language includes, but is not limited to:

> In making an application for such insurance, each individual applicant shall submit a written disclosure to the insurer of any prior record of censure by the Council of the Borough, and of any record of formal discipline by the Council or the Mayor.

48. Furthermore, Ordinance No. 2022-2 grants Defendant Eckenrode, in his capacity as mayor, supervision and authority over Plaintiff Michael Zabrzeski, in his capacity as constable.

49. Plaintiffs believe, and therefore aver, that the aforementioned ordinance was passed by Defendant Borough in retaliation for Plaintiff Michael Zabrzeski's campaign against Defendant Eckenrode for mayor.

COUNT I:

PLAINTIFFS MICHAEL ZABRZESKI and KAREN ZABRZESKI
v.
DEFENDANTS BOROUGH and ECKENRODE

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION – POLITICAL OPPOSITION

50. Plaintiffs incorporate by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiffs claim damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiffs' constitutional rights under color of law.

52. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiffs had the right to be free from retaliation based on political opposition.

53. As described hereinbefore above, Plaintiff Michael Zabrzeski ran against Defendant Eckenrode for mayor. Plaintiff Karen Zabrzeski politically supported Plaintiff Michael Zabrzeski in his candidacy for mayor.

54. Shortly thereafter, Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, ordered that the Plaintiffs' water be shut off. The Plaintiffs' water remained shut off for six (6) days.

55. As more fully described hereinbefore above, the lack of water to the Plaintiffs' property caused extreme emotional distress upon the Plaintiffs.

56. As described hereinbefore above, Plaintiffs believe, and therefore aver, that the water to their property was shut off in retaliation for Plaintiff Michael Zabrzeski's campaign against

Defendant Eckenrode, as more fully described hereinbefore above, and/or in retaliation for Plaintiff Karen Zabrzeski's political support of her husband's candidacy for mayor.

57. Plaintiffs believe, and therefore aver, that similarly situated property owners within Defendant Borough have not been responsible for the costs of any public sewage lines.

58. The actions of Defendant Eckenrode, as more fully described hereinbefore above, were done in his capacity as sewage enforcement officer and/or mayor of Defendant Borough.

59. The actions of Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, deprived Plaintiffs of rights guaranteed to them by the First Amendment to the United States Constitution.

60. The actions of Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting Defendant Eckenrode to punitive damages.

61. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiffs suffered, and continues to suffer, from the following injuries and damages:

    a. Plaintiffs' right under the First Amendment to the United States Constitution to be free from retaliation based on political opposition was violated;

    b. Plaintiffs suffered extreme emotional distress; and

    c. Plaintiffs suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Eckenrode; and such

other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF KAREN ZABRZESKI
v.
DEFENDANTS BOROUGH and ECKENRODE

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION – FAMILIAL ASSOCIATION

62. Plaintiffs incorporate by reference Paragraphs 1 through 61 as though fully set forth at length herein.

63. Plaintiff Karen Zabrzeski claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of her rights under color of law.

64. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff Karen Zabrzeski had the right to be free from retaliation based on her familial association.

65. Plaintiff Karen Zabrzeski is the wife of Plaintiff Michael Zabrzeski.

66. As more fully described hereinbefore above, Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, ordered that the Plaintiffs' water be shut off.

67. As a result, Plaintiffs were without water for six (6) days. At that time, Plaintiff Karen Zabrzeski was suffering from metastatic breast cancer.

68. The lack of water on the Plaintiffs' property caused extreme emotional distress.

69.     As described hereinbefore above, Plaintiffs believe, and therefore aver, that the water to their property was shut off in retaliation for Plaintiff Karen Zabrzeski's familial association with Plaintiff Michael Zabrzeski.

70.     Plaintiffs believe, and therefore aver, that similarly situated property owners within Defendant Borough have not been responsible for the costs of any public sewage lines.

71.     The actions of Defendant Eckenrode, as more fully described hereinbefore above, were done in his capacity as sewage enforcement officer and/or mayor of Defendant Borough.

72.     The actions of the Defendants, and each of them, deprived Plaintiff Karen Zabrzeski of rights guaranteed to her by the First Amendment to the United States Constitution.

73.     The actions of Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff Karen Zabrzeski, thereby subjecting Defendant Eckenrode to punitive damages.

74.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff Karen Zabrzeski suffered, and continues to suffer, from the following injuries and damages:

    a.     Plaintiff Karen Zabrzeski's right under the First Amendment to the United States Constitution to be free from retaliation based on familial association was violated;

    b.     Plaintiff Karen Zabrzeski suffered extreme emotional distress; and

    c.     Plaintiff Karen Zabrzeski suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Karen Zabrzeski demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against Defendant Eckenrode; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF MICHAEL ZABRZESKI
v.
DEFENDANTS BOROUGH, ECKENRODE, PROSTEJOVSKY, FARABAUGH, DURYEA, and ROMBOUTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION – POLITICAL OPPOSITION

75. Plaintiffs incorporate by reference Paragraphs 1 through 74 as though fully set forth at length herein.

76. Plaintiff Michael Zabrzeski claim damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

77. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation based on political opposition.

78. As more fully described hereinbefore above, Defendants censured Plaintiff Michael Zabrzeski without any justifiable reason.

79. As described hereinbefore above, Plaintiffs believe, and therefore aver, that Defendants passed Ordinance 2022-2 with language specifically designed to impede Plaintiff Michael Zabrzeski in his duties as constable and/or to publicly harass and embarrass him.

80.     Plaintiffs believe, and therefore aver, that the unlawful actions of the Defendants were taken in retaliation for Plaintiff Michael Zabrzeski's campaign against Defendant Eckenrode, as more fully described hereinbefore above.

81.     The actions of Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, and Defendant Prostejovsky, Farabaugh, Duryea, and Rombouts, in their capacities as council members, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting Defendant Eckenrode to punitive damages.

82.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiffs suffered, and continues to suffer, from the following injuries and damages:

   a.   Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation based on political opposition was violated;

   b.   Plaintiff suffered extreme emotional distress; and

   c.   Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Michael Zabrzeski demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendant1; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFFS MICHAEL ZABRZESKI and KAREN ZABRZESKI
v.
DEFENDANT ECKENRODE

VIOLATION OF PLAINTIFFS' RIGHTS
UNDER PENNSYLVANIA COMMON LAW

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

83. Plaintiffs incorporate by reference Paragraphs 1 through 82 as though fully set forth at length herein.

84. As more fully described hereinbefore above, Defendant Eckenrode engaged in outrageous conduct with the intention of inflicting emotional distress upon the Plaintiffs.

85. As more fully described hereinbefore above, Defendant Eckenrode, in his capacity as sewage enforcement officer and/or mayor of Defendant Borough, ordered that the Plaintiffs' water be shut off.

86. As a result, Plaintiffs were without water for six (6) days. At that time, Plaintiff Karen Zabrzeski was suffering from metastatic breast cancer.

87. The lack of water on the Plaintiffs' property caused extreme emotional distress upon the Plaintiffs.

88. Defendant Eckenrode knew, or should have known, through the use of ordinary caution, that his conduct would result in severe emotional distress on the part of the Plaintiffs.

89. The actions of Defendant Eckenrode were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting Defendant Eckenrode to punitive damages.

90.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Eckenrode, Plaintiffs suffered, and continue to suffer, from the following injuries and damages:

   a.   Plaintiffs' rights under Pennsylvania Common Law were violated;

   b.   Plaintiffs suffered extreme emotional distress; and

   c.   Plaintiffs suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendant Eckenrode, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: October 19, 2022